ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DANIEL LAYTON (SBN 240763)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-6165
    Facsimile: (213) 894-0115
    Email: Daniel.Layton@usdoj.gov
Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SACV 09-00248 CJC (FMOx) |
| Plaintiff, | [~~proposed~~] |
| vs. | JUDGMENT AND ORDER TO FORECLOSE ON REAL PROPERTY |
| JEFFREY BENICE, et al., | |
| Defendants. | |

Based upon the stipulation of the United States of America ("**United States**," "**IRS**", or "**plaintiff**") and defendants Jeffrey Benice and Stacey Emerald, and good cause shown therein,

**IT IS ORDERED:**

**I. <u>BACKGROUND</u>**

1.    On February 27, 2009, the United States filed the Complaint to Reduce Federal Tax Assessments to Judgment, Foreclose Federal Tax Liens on Real Property, and Set Aside Stacy Emerald as Nominee or Transferee (the "**Complaint**").

2. The federal liabilities, and federal liens, at issue in this case are for Jeffrey Benice's 1996 through 1999 income tax years and trust fund recovery penalty for the quarterly period ending December 31, 1996.

3. The real property against which the United States seeks to foreclose its tax liens (referred to herein as "**the subject property**") is located in the city of Aliso Viejo, California, with APN 632-321-25, and legally described as:

> **Parcel 1:**
> Lot 78 of Tract No. 15752, in the City of Aliso Viejo, County of Orange, State of California, as per map recorded in Book 782, Page(s) 45 through 50, inclusive of miscellaneous Maps, in the Office of the County Recorder of said County.
> Excepting all therefrom one hundred percent (100%) of all rights to oil, gas and other hydrocarbon and mineral substances lying under or that may be produced from the above-described land, together with one hundred percent (100%) of all rights to the proceeds therefrom and one hundred percent (100%) of all rents, bonuses and profits accruing therefrom, without, however, any rights including rights of entry in or with respect to any portion of the surface or subsurface to a vertical depth of five hundred feet (500') from the surface as the same may from time to time exist, by deeds recorded September 20, 1976 in Book 11908, Pages 527 and 587, inclusive of official records.
>
> **Parcel 2:**
> Non-exclusive easements for access, ingress, egress, use and enjoyment, drainage, encroachment, support, maintenance, repairs and for other purposes, all as described in the declaration of covenants, conditions, restrictions and reservation of easements for Silver Oaks at Westridge ("DECLARATION"), recorded August 2, 1999 as instrument No. 99-0563957 in the Declaration of Covenants, Conditions and Restrictions for Aliso Viejo Community Association ("COMMUNITY DECLARATION"), recorded April 6, 1982 as instrument No. 82-118353 and in the Notice of Annexation and Supplemental Declaration for PHASE 4 of Silver Oaks at Westridge ("Community Annexation"), recorded October 25, 1999 as instrument No. 99-0747139 and in the Notice of Additional Territory and Supplemental Declaration of Covenants, Conditions and Restrictions for Silver Oaks at Westridge (PHASE 4) ("NOTICE"), recorded October 25,

1999 as instrument No. 99-0747140, all of official records of Orange County, California ("OFFICIAL RECORDS").

4. On May 18, 2009, the Court ordered that "Wachovia Mortgage, FSB, FKA World Savings Bank, FSB" was substituted as a party for defendant "World Savings Bank, FSB."

5. At document nos. 6, 7, 11, 12, disclaimers of interest to any right, title or interest in and to the subject real property were filed for defendants Orange County District Attorney Family Support Division, Employment Development Department, Standiford Helm II, Crystal Bergstrom dba Judicial Enforcement Services, and Ron Dering, respectively.

6. On April 8, 2010, based upon the stipulation of the parties and good cause shown therein, the Court filed an order granting plaintiff United States of America leave to file a first amended complaint substituting Wells Fargo Bank for Wachovia Mortgage, FSB, adding Lynda Elliot as a defendant, removing Esquire Deposition Services as a defendant, and removing the 2003, 2004, and 2005 tax years from the case. On April 13, 2010, the United States of America filed its first amended complaint in accord with the Court's order.

7. On May 27, 2010, default was entered by the clerk of the court against defendant Lynda Elliott, fka Lynda Benice, for failure to answer or otherwise respond to the First Amended Complaint which was served upon her on April 15, 2010.

8. The Court hereby enters default judgment against Lynda Elliott, fka Lynda Benice and finds that she has no interest in the subject property or the proceeds of the forced sale of the subject property.

9. Plaintiff United States of America and defendants Jeffrey Benice, Stacy Emerald, Wells Fargo Bank, the Franchise Tax Board (FTB), and the County of Orange are the only parties remaining in this action. Wells Fargo Bank, the

FTB, and the County of Orange are named in this action due to their respective liens against the subject property.

A. *First Cause of Action: Reduction of Federal Tax Assessments to Judgment*

10. On July 9, 2010, plaintiff United States of America and defendant Jeffrey Benice filed a stipulation to reduce federal income tax assessments to judgment, resolving the first cause of action in the First Amended Complaint. Based upon that stipulation, the Court reduced to judgment the Federal tax assessments for Jeffrey Benice's 1996 through 1999 income tax years and trust fund recovery penalty for the period ending in December of 1996.

II. **STACY EMERALD AS NOMINEE OR TRANSFEREE**

11. The third cause of action in the complaint is for a finding that defendant Stacy Emerald holds title in her sole name as a nominee for her spouse Jeffrey Benice and that instruments attempting to transfer Jeffrey Benice's spousal interest be set aside.

12. On March 24, 2010, at document no. 37, the Stipulation for Order to Settle Issues Between the United States and Jeffrey Benice and for Amendment to Complaint was filed. On May 26, 2010, at document no. 47, the Stipulation for Order to Settle Issues Between the United States and Stacy Emerald. In those stipulations, defendants Jeffrey Benice and Stacy Emerald conceded that Jeffrey Benice has an ownership interest in the subject property and that the United States has the right to foreclose on the subject property.

13. Subject to the order of priority of interests agreed upon in the stipulation, Wells Fargo Bank, Franchise Tax Board, and County of Orange do not dispute the attachment of the liens of the United States of America to the subject property.

14. In resolution of the third cause of action, the Court finds that Jeffrey Benice has an ownership interest in the property to which the federal tax liens for the periods at issue are attached.

### III. FORECLOSURE OF FEDERAL TAX LIENS

15. The United States has valid and existing tax liens against the subject property for Jeffrey Benice's 1996 through 1999 federal income tax liabilities and trust fund recovery penalty for the period ending December 31, 1996.

16. In resolution of the second, and last remaining cause of action, the Court finds that the United States has a right of foreclosure and federal tax liens in the preceding paragraph are hereby foreclosed upon the subject property.

17. Pursuant to the Stipulation for Order to Settle Issues Between the United States and Stacy Emerald filed on May 26, 2010, the United States will not conduct its forced sale of the subject property until sixty (60) days following the entry of the Court's order of foreclosure. During this period, Stacy Emerald will not allow the equity of the property to diminish by willful neglect.

18. The subject property is ordered to be sold by the Area Director of the Internal Revenue Service, or his delegate, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

    a. Notice of the sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Orange County, California. Said notice shall describe the property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

    b. The terms and conditions of sale shall be as follows:

        i. The Internal Revenue Service shall appraise the current fair market value of the subject property (appraised value).

        ii. The minimum bid shall be 75% of the appraised value.

        iii. The United States of America may bid a credit against its judgment and interest thereon, costs, and expenses, without tender of cash.

    iv. The terms of sale as to all other persons or parties bidding shall be cash. The successful bidder shall be required to deposit with the Area Director cash equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder; and the remaining eighty percent (80%) of said purchase price is to be paid on or before 5:00 p.m., within three (3) days of the date of sale.

    v. Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty, and said deposit shall be paid over and delivered to the United States to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States.

c. Upon selling the subject real property, the Area Director, or his delegate, shall prepare and file with this Court an accounting and report of sale and shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid. The accounting and report of sale shall be filed within ten (10) business days from the date of sale. If no objections have been filed in writing in this cause with the Clerk of the Court, within fifteen (15) business days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area Director shall be directed by the Court or the Clerk of the Court to execute and deliver his deed to said purchaser.

d. Possession of the property sold shall be yielded to the purchaser upon the production of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice,

be issued by the Clerk of this Court to compel delivery of the property sold to the purchaser.

  e. The Area Director shall apply the proceeds of sale to expenses of sale and then in the order of priorities stipulated by the parties with lien interests, or as determined by this Court in the event that the lienholding parties are unable to reach agreement.

19. The Court retains jurisdiction of this action for the purpose of making proper distribution of any surplus of the proceeds of sale.

20. Defendants Jeffrey Benice and Stacy Emerald have waived their right to seek a new trial and/or to appeal the stipulated judgment.

21. The parties will bear their own costs and attorney's fees as against each other.

**IT IS SO ORDERED.**

DATED: September 15, 2010   _____
                  HON. CORMAC J. CARNEY
                  United States District Court Judge

Respectfully submitted,
ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant U.S. Attorney, Chief, Tax Division

DANIEL LAYTON
Assistant United States Attorney
Attorneys for United States of America